UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

JAMES CLAVIJO,                                          No. 15-cv-6084 (RMB) (SN)

Plaintiff,

**ANSWER**

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.                                   JURY TRIAL DEMANDED

-------------------------------------------------------- x

Defendants The City of New York and Daniel Meaney, by their attorney, Zachary

W. Carter, Corporation Counsel of the City of New York, as and for their answer to plaintiff's

Complaint, dated August 1, 2015, respectfully:

1.  Deny the allegations in paragraph "1" of the Complaint.

2.  Deny the allegations in paragraph "2" of the Complaint, except admit that

plaintiff was taken to NYPD precincts including the 10th precinct.

3.  Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "3" of the Complaint, except admit that plaintiff was taken to Bellevue

Hospital while in police custody.

4.  Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "4" of the Complaint, except admit that plaintiff was removed from the

hospital and that he was arraigned and released.

5.  Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "5" of the Complaint, except admit on information and belief that the

charges were dismissed.

6.      Deny the allegations in paragraph "6" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

7.      Deny the allegations in paragraph "7" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

8.      Deny the allegations in paragraph "8" of the Complaint, except admit that plaintiff has commenced an action and purports to invoke the jurisdiction of the Court as stated therein.

9.      Deny the allegations in paragraph "9" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

10.     Deny the allegations in paragraph "10" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

11.     State that the allegations in paragraph "11" of the Complaint are not averments of fact to which a response is required.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Complaint.

13.     Admit the allegations in paragraph "13" of the Complaint.

14.     Deny the allegations in paragraph "14" of the Complaint, except admit that the City maintains a police department and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

15.     Deny the allegations in paragraph "15" of the Complaint, except admit that Meaney was, on August 16, 2012, employed by the City as a police officer and that plaintiff purports to proceed as stated therein and state that the allegations that Meaney acted under the supervision of the NYPD and according to his official duties are legal conclusions to which no

response is required.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Complaint, except admit that plaintiff purports to proceed as stated therein and respectfully refer to the video and photograph referenced therein for their contents.

17.     Deny the allegations in paragraph "17" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding unnamed defendants and admit that plaintiff has commenced an action as stated therein.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint, except state that the allegations that the officers acted under the supervision of the NYPD and according to their official duties are legal conclusions to which no response is required and admit that plaintiff purports to proceed as stated therein.

21.     State that the allegations in paragraph "21" of the Complaint are not averments of fact to which a response is required.

22.     State that the allegations in paragraph "22" of the Complaint are legal conclusions to which no response is required.

23.     Deny the allegations in paragraph "23" of the Complaint.

24.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Complaint, except admit that on August 16, 2012, plaintiff was in the vicinity of 524 West 42nd Street in New York.

25.     Deny the allegations in paragraph "25" of the Complaint.

26.     Deny the allegations in paragraph "26" of the Complaint, except admit that police officers were nearby.

27.     Deny the allegations in paragraph "27" of the Complaint, except admit that Meaney told plaintiff that the vehicle he was in was parked illegally and needed to be moved.

28.     Admit the allegations in paragraph "28" of the Complaint.

29.     Admit the allegations in paragraph "29" of the Complaint.

30.     Deny the allegations in paragraph "30" of the Complaint, except admit that Meaney told plaintiff that the vehicle was parked in a Police Vehicles Only area and needed to be moved.

31.     Deny the allegations in paragraph "31" of the Complaint, except admit that plaintiff stated that he did not own the vehicle or have its keys.

32.     Deny the allegations in paragraph "32" of the Complaint.

33.     Deny the allegations in paragraph "33" of the Complaint.

34.     Deny the allegations in paragraph "34" of the Complaint, except admit that plaintiff was handcuffed and arrested.

35.     Deny the allegations in paragraph "35" of the Complaint.

36.     Deny the allegations in paragraph "36" of the Complaint.

37.     Deny the allegations in paragraph "37" of the Complaint.

38.     Deny the allegations in paragraph "38" of the Complaint, except admit that plaintiff was taken to a police precinct on 42nd Street.

39.     Deny the allegations in paragraph "39" of the Complaint, except admit that plaintiff was taken to the 10th precinct for processing.

40.     Deny the allegations in paragraph "40" of the Complaint, except admit that

plaintiff was taken to the hospital.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the Complaint, except admit on information and belief that plaintiff was taken to Central Booking.

42.     Deny the allegations in paragraph "42" of the Complaint, except admit that plaintiff was arraigned and released.

43.     Deny the allegations in paragraph "43" of the Complaint.

44.     Admit on information and belief the allegations in paragraph "44" of the Complaint.

45.     Deny the allegations in paragraph "45" of the Complaint.

46.     Deny the allegations in paragraph "46" of the Complaint.

47.     Deny the allegations in paragraph "47" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff returned to court.

48.     Deny the allegations in paragraph "48" of the Complaint.

49.     Deny the allegations in paragraph "49" of the Complaint.

50.     Deny the allegations in paragraph "50" of the Complaint.

51.     Deny the allegations in paragraph "51" of the Complaint.

52.     Deny the allegations in paragraph "52" of the Complaint.

53.     Deny the allegations in paragraph "53" of the Complaint.

54.     Deny the allegations in paragraph "54" of the Complaint.

55.     Deny the allegations in paragraph "55" of the Complaint.

56.     In response to the allegations in paragraph "56" of the Complaint, defendants repeat the responses in the previous paragraphs.

57.     Deny the allegations in paragraph "57" of the Complaint.

58.     Deny the allegations in paragraph "58" of the Complaint.

59.     Deny the allegations in paragraph "59" of the Complaint.

60.     Deny the allegations in paragraph "60" of the Complaint.

61.     Deny the allegations in paragraph "61" of the Complaint.

62.     Deny the allegations in paragraph "62" of the Complaint.

63.     Deny the allegations in paragraph "63" of the Complaint.

64.     Deny the allegations in paragraph "64" of the Complaint.

65.     State that the allegations in paragraph "65" of the Complaint are legal conclusions to which no response is required.

66.     Deny the allegations in paragraph "66" of the Complaint.

67.     Deny the allegations in paragraph "67" of the Complaint.

68.     Deny the allegations in paragraph "68" of the Complaint, except admit that plaintiff was handcuffed and arrested.

69.     Admit the allegations in paragraph "69" of the Complaint.

70.     Deny the allegations in paragraph "70" of the Complaint.

71.     Deny the allegations in paragraph "71" of the Complaint.

72.     Deny the allegations in paragraph "72" of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "73" of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the Complaint.

75.     Deny the allegations in paragraph "75" of the Complaint.

76.     Deny the allegations in paragraph "76" of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "77" of the Complaint.

78.     Deny the allegations in paragraph "78" of the Complaint.

79.     Deny the allegations in paragraph "79" of the Complaint.

80.     Deny the allegations in paragraph "80" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff returned to court.

81.     Deny the allegations in paragraph "81" of the Complaint.

82.     Deny the allegations in paragraph "82" of the Complaint.

83.     Deny the allegations in paragraph "83" of the Complaint.

84.     Deny the allegations in paragraph "84" of the Complaint, except admit that plaintiff was handcuffed.

85.     Deny the allegations in paragraph "85" of the Complaint.

86.     Deny the allegations in paragraph "86" of the Complaint.

87.     Deny the allegations in paragraph "87" of the Complaint.

88.     State that the allegations in paragraph "88" of the Complaint are legal conclusions to which no response is required.

89.     Deny the allegations in paragraph "89" of the Complaint.

90.     Deny the allegations in paragraph "90 of the Complaint.

91.     Deny the allegations in paragraph "91" of the Complaint.

92.     Deny the allegations in paragraph "92" of the Complaint.

93.     Deny the allegations in paragraph "93" of the Complaint.

94.     Deny the allegations in paragraph "94 of the Complaint.

95.     Deny the allegations in paragraph "95" of the Complaint.

96.     Deny the allegations in paragraph "96" of the Complaint.

97.     Deny the allegations in paragraph "97" of the Complaint.

98.     Deny the allegations in paragraph "98" of the Complaint.

99.     Deny the allegations in paragraph "99" of the Complaint.

100.    Deny the allegations in paragraph "100" of the Complaint.

101.    Deny the allegations in paragraph "101" of the Complaint.

102.    Deny the allegations in paragraph "102" of the Complaint.

103.    Deny the allegations in paragraph "103" of the Complaint, except refer to the document referenced therein for its contents.

104.    Deny the allegations in paragraph "104" of the Complaint, except admit that the NYPD uses CompStat.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "105" of the Complaint, except refer to the cited document for its contents.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "106" of the Complaint, except refer to the cited document for its contents.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "107" of the Complaint, except refer to the cited document for its contents.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "108" of the Complaint, except refer to the cited document for its contents.

109.    Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "109" of the Complaint, except refer to the cited document for its contents.

110.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "110" of the Complaint, except refer to the cited document for its contents.

111.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "111" of the Complaint,

112.   Deny the allegations in paragraph "112" of the Complaint, except refer to the document referenced therein for its contents.

113.   Deny the allegations in paragraph "113" of the Complaint.

114.   Deny the allegations in paragraph "114" of the Complaint.

115.   Admit the allegations in paragraph "115" of the Complaint.

116.   Deny the allegations in paragraph "116" of the Complaint.

117.   Deny the allegations in paragraph "117" of the Complaint, except respectfully refer the Court and plaintiff to the recordings referenced therein for its contents.

118.   Deny the allegations in paragraph "118" of the Complaint, except refer to the recordings referenced therein for its contents.

119.   Deny the allegations in paragraph "119" of the Complaint.

120.   Deny the allegations in paragraph "120" of the Complaint.

121.   Deny the allegations in paragraph "121" of the Complaint.

122.   Deny the allegations in paragraph "122" of the Complaint.

123.   Deny the allegations in paragraph "123" of the Complaint.

124.   Deny the allegations in paragraph "124" of the Complaint.

125.   Deny the allegations in paragraph "125" of the Complaint.

126.    Deny the allegations in paragraph "126" of the Complaint.

127.    Deny the allegations in paragraph "127" of the Complaint.

128.    Deny the allegations in paragraph "128" of the Complaint.

129.    Deny the allegations in paragraph "129" of the Complaint.

130.    Deny the allegations in paragraph "130" of the Complaint.

131.    Deny the allegations in paragraph "131" of the Complaint, except refer to the document referenced therein for its contents.

132.    Deny the allegations in paragraph "132" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "the NYPD has never undertaken any internal study of contempt of cop arrests or cover charges, and statistics on these practices are not available."

133.    Deny the allegations in paragraph "133" of the Complaint, except refer to the cite document for its contents.

134.    Deny the allegations in paragraph "134" of the Complaint, except refer to the cited document for its contents.

135.    Deny the allegations in paragraph "135" of the Complaint, except refer to the cited document for its contents.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "136" of the Complaint.

137.    Deny the allegations in paragraph "137" of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "138" of the Complaint, except refer to the cited document for its contents.

139.    Deny the allegations in paragraph "139" of the Complaint.

- 10 -

140.    Deny the allegations in paragraph "140" of the Complaint.

141.    Deny the allegations in paragraph "141" of the Complaint.

142.    Deny the allegations in paragraph "142" of the Complaint.

143.    Deny the allegations in paragraph "143" of the Complaint.

144.    Deny the allegations in paragraph "144" of the Complaint.

145.    Deny the allegations in paragraph "145" of the Complaint.

146.    Deny the allegations in paragraph "146" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

147.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

148.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

149.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

150.    Punitive damages cannot be assessed as against The City of New York or against Meaney in his official capacity.

## FIFTH AFFIRMATIVE DEFENSE

151.    There was probable cause to arrest plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

152.    If plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

## SEVENTH AFFIRMATIVE DEFENSE

153.    The plaintiff failed to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

154.    The plaintiff provoked or was at fault for any incident.

## NINTH AFFIRMATIVE DEFENSE

155.    Defendant Meaney acted reasonably in the proper and lawful exercise of his discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is entitled to qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

156.    To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## ELEVENTH AFFIRMATIVE DEFENSE

157.    At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability under state law.

## TWELFTH AFFIRMATIVE DEFENSE

158.    Defendant Meaney is immune from suit under state law for his exercise of discretion in the performance of a governmental function and/or his exercise of professional judgment.

## THIRTEENTH AFFIRMATIVE DEFENSE

159.   Plaintiff's state law claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants The City of New York and Daniel Meaney demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         November 20, 2015

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants*
  *The City of New York and Daniel Meaney*
100 Church Street, Room 3-155
New York, New York  10007
(212) 356-3539
agarman@law.nyc.gov

By: _____
Ashley R. Garman

- 13 -